**Van STAFFORD; Lois Stafford, Plaintiffs–Appellants,**

v.

**CIMARRON ELEVATOR, INC., an Oklahoma corporation, Defendant–Appellee.**

**No. 02–6143.**

United States Court of Appeals, Tenth Circuit.

Oct. 8, 2002.

Van Stafford, Lois Stafford, Campo, CO, for Plaintiffs–Appellants.

Michael Belanger, Oklahoma City, OK, for Defendant–Appellee.

Before SEYMOUR, HENRY and BRISCOE, Circuit Judges.

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of

**ORDER AND JUDGMENT** *

BRISCOE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs Van and Lois Stafford, appearing pro se, seek to appeal the district court's dismissal of their complaint. Because the Staffords have failed to comply with our previously-imposed restrictions on their appellate filings, we dismiss the appeal.

In *Stafford v. United States,* 208 F.3d 1177 (10th Cir.2000), we recounted the Staffords' history of filing legally frivolous complaints and appeals in an attempt to avoid paying federal income taxes, and noted we repeatedly had sanctioned them for their conduct. Because we concluded that our sanctions had not reduced their "frivolous and vexatious litigation" efforts, we found it necessary to "impose ... filing restrictions using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings." *Id.* at 1179. In particular, we "enjoined [the Staffords] from filing any further appeals or original actions in this court involving related tax matters until all previously-imposed sanctions have been paid in full." *Id.*

The Staffords now seek to appeal the dismissal of a complaint they filed in the Western District of Oklahoma collaterally attacking a 1987 judgment entered against them in a tax-related matter. Because the Staffords have not fully paid the sanctions

orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

previously imposed against them by this court, they are enjoined from pursuing this appeal.

The appeal is DISMISSED.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.